**Douglas SIMS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 16S00–9101–CR–42.**

Supreme Court of Indiana.

Jan. 23, 1992.

Brent Westerfeld, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee.

KRAHULIK, Justice.

Douglas Sims pled guilty to murder, *Ind. Code* § 35–42–1–1(1). He received an enhanced sentence of 60 years. In this direct appeal, the only issue Sims raises is whether the trial court properly considered certain mitigating circumstances in imposing the maximum sentence. We affirm.

On the evening of March 9, 1990, Bradley Maddux and two of his friends planned to

sleep outside in the backyard at one of the friend's houses in Westport, Indiana. At about 1:00 a.m., Sims picked up Maddux and his two friends and took them to his trailer in Sardinia. Sims gave the boys some beer to drink. While at the trailer, Sims handcuffed Maddux to his bed. Maddux' friends became frightened and told Sims they wanted to be taken back to Westport. Sims released Maddux and returned the boys to the tent. Later that same morning, Maddux met with Sims in a parking lot apparently so that Sims could provide additional alcoholic beverages to Maddux. Sims and Maddux returned to Sims' trailer. This was the last time Maddux was seen alive.

When the police learned that Maddux was missing and that Sims had been the last person to see him, the police interviewed Sims. He confessed that he had killed Maddux because the boy would not do what Sims wanted him to do. He also informed the police where the body could be found. When the body was recovered from a shallow grave in an old cemetery, Maddux was nude except for socks on his feet and a gag over his mouth. His throat was deeply slashed, nearly to the point of decapitation. The cause of death was determined to be exsanguination as a result of the laceration of the throat.

Sims urges that the court failed to properly consider all the significant aspects of his character and condition, as well as the nature of the offense. Specifically, Sims maintains the trial court failed to give consideration to facts which supported an inference that Sims was not likely to engage in future criminal conduct: because he had no prior criminal history, he had enjoyed a good reputation in the community, had been well thought of in school, had been regularly employed prior to his arrest, and had served honorably in the United States Army and the Indiana National Guard. In addition, he had admitted his guilt thus relieving the State of the expense and inconvenience of a trial.

Of the factors Sims urged be considered as mitigating, the trial court found only the lack of a criminal history and Sims' expressed remorse to be mitigating. As ag-

gravating circumstances, the trial court noted the victim's young age, the fact that Sims had contributed to the delinquency of Maddux by providing alcoholic beverages, and the particularly brutal nature of the wound inflicted. The court concluded that the aggravating circumstances completely outweighed any mitigating circumstances, and imposed the maximum sentence.

Our standard of reviewing a sentence is well established. Sentencing is conducted within the discretion of the trial court and will be reversed only upon a showing of a manifest abuse of that discretion. It is within the discretion of the trial court to determine whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances. A sentence authorized by statute will not be revised except where the sentence is manifestly unreasonable. *Letica v. State* (1991), Ind., 569 N.E.2d 952, 958 (citations omitted). A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. Ind. Appellate Rule 17(B)(2). When a sentencing court enhances a presumptive sentence, the record "must demonstrate that the determination was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence." *Fointno v. State* (1986), Ind., 487 N.E.2d 140, 144. The trial court's statement must identify all significant mitigating and aggravating circumstances, include a specific reason why each circumstance is mitigating or aggravating, and weigh mitigating circumstances against the aggravating factors. *Boyd v. State* (1991), Ind., 564 N.E.2d 519, 524.

Our review of the record reveals that the trial court did, in fact, consider all of the factors which Sims claims were mitigating. The trial court is not required to agree with defendant that each particular factor is a mitigating factor. Of those factors, the trial court found only two to be mitigating. The court then enumerated the aggravating factors, gave reasons for each,

and found them to outweigh the mitigating factors. We hold that the trial court properly evaluated the aggravating and mitigating circumstances and adequately set forth the court's balancing process.

## CONCLUSION

Accordingly, Sims' sentence for murder is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

I agree that the nature of this crime of murder, involving as it does, a youthful victim, and an intent to wrongly exploit that young person, warrants an enhancement of the sentence beyond the standard forty-years. However, appellant's character and background, as described in the majority opinion, is entitled to significant weight as well. In my opinion it is manifestly unreasonable to give the maximum, enhanced sentence of sixty-years, thereby failing to translate appellant's character and background into some manifest restraint upon the extent of the enhancement. I would order this sentence reduced to 52 years.