Robert SIMMONS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9107–CR–227.

Court of Appeals of Indiana,
Fifth District.

Feb. 10, 1992.

Richard D. Gilroy, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Appellant–Defendant Robert Simmons was charged with two counts of Dealing in a Schedule IV Controlled Substance pursuant to Ind.Code § 35–48–4–3 and two counts of Possession of a Controlled Substance pursuant to Ind.Code § 35–48–4–7. After a bench trial he was found guilty on both counts of dealing and not guilty on the possession counts. On appeal Simmons raises two issues for our review:

1. Whether the evidence is sufficient to sustain the convictions.

2. Whether the judgment of conviction on Count II should be vacated because of the Doctrine of Merger.

We affirm in part and reverse in part.[1]

On November 6, 1990, Donald Cummins called Officer Thomas Tudor of the Indianapolis Police Department with information regarding a man selling narcotics from an Indianapolis motel room. Officer Tudor along with other officers met with Cummins who was searched, outfitted with a micro-cassette recorder and given twenty dollars. Cummins then went to Simmons' motel room and purchased from Simmons a set of "T's and Blues", the street name for certain pills which contain Pentazocine, a Schedule IV controlled substance. Cummins returned to the waiting officers and gave them the drugs and tape recorder.

Officer Tudor determined that a second buy should be made, so Cummins was again searched and given the tape recorder and marked money. Cummins knocked on Simmons' motel room door and told Simmons he wanted to buy another set. Simmons exited the room, retrieved the drugs from atop a nearby fire extinguisher, and

---

1. Because we reverse the conviction on Count II due to insufficient evidence, we need not address Simmons' second allegation of error.

walked back toward Cummins. As Cummins handed Simmons the money, but before the transaction could be completed, the police officers announced themselves. Simmons attempted to escape but was caught with the marked money in his hands and a packet of pills in his mouth.

Simmons was arrested and charged with two counts of Dealing in a Schedule IV Controlled Substance and two counts of Possession of a Controlled Substance. The trial court found Simmons guilty of dealing and not guilty of possession. Simmons was sentenced to two concurrent terms of six years. He now appeals.

In reviewing a claim of sufficiency of the evidence, our standard of review is well-settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the state along with all reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Litel v. State* (1988), Ind., 527 N.E.2d 1114.

■ Simmons' attack on the sufficiency of the evidence is two-pronged. He first contends the convictions should be reversed because they are based upon the testimony of Donald Cummins, a paid informant. This argument is without merit. Even the uncorroborated testimony of an informant-buyer is sufficient to sustain a conviction. *Haynes v. State* (1982), Ind., 431 N.E.2d 83, 85; *Hudson v. State* (1984), Ind.App., 462 N.E.2d 1077, 1083. Here, Cummins' testimony alone would have been sufficient to sustain the convictions. In addition, however, Cummins' testimony was corroborated by that of Officer Tudor who observed Cummins enter and exit Simmons' motel room.

■ Simmons' second contention presents a more compelling issue. The charging information on both counts alleges that Simmons "did unlawfully and knowingly, deliver ... a controlled substance." Simmons argues that because delivery of

the drugs to the buyer never took place in the second transaction, he should not have been convicted on a second count of dealing. "Delivery" is defined as an actual or constructive transfer from one person to another of a controlled substance. Ind. Code § 35–48–1–11.

The record reveals that in anticipation of a second purchase Simmons agreed to sell the drugs and had them in his possession for that purpose. However, before Simmons handed the drugs to Cummins the transaction was interrupted by the police. Instead, Simmons placed the controlled substance in his mouth and attempted to flee. In essence, there was no transfer and thus no delivery.

The State concedes there was no delivery on this second attempted control buy. However, the State contends that since it proved at least possession with intent to deliver, Simmons was properly convicted under the statute. We disagree.

The statute under which Simmons was convicted dictates in pertinent part:

(a) A person who:

(1) knowingly or intentionally:

. . . . .

(C) delivers

. . . . .

a controlled substance, pure or adulterated, classified in schedule IV; or

(2) possesses, with intent to ... deliver, a controlled substance, pure or adulterated, classified in schedule IV;

commits dealing in a schedule IV controlled substance....

Ind.Code § 35–48–4–3. The State would have us rule that the proof required under section (a)(2) of the statute is sufficient to prove a violation under section (a)(1). This we cannot do. There is a distinct dissimilarity in proof between the acts specified in the two sections.

In order to establish a violation under section (a)(1), the State must demonstrate

that the accused actually or constructively transferred a controlled substance from one person to another. *Harkrader v. State* (1990), Ind.App., 553 N.E.2d 1231, *trans. denied;* I.C. § 35–48–1–11. Under section (a)(2) the State must show that the accused actually or constructively maintained control and dominion over the controlled substance, *Young v. State* (1990), Ind.App., 562 N.E.2d 424; *Corrao v. State* (1972), 154 Ind.App. 525, 290 N.E.2d 484, with the intent to deliver. We hold that the above statute creates two separate and distinct offenses. Evidence of a violation of one of the two sections will not suffice to show a violation of the other section.

Our view is consistent with cases where our courts have reviewed other criminal statutes and have held a single statutory section could provide multiple offenses. For example, in *Kelly v. State* (1989), Ind., 535 N.E.2d 140, our supreme court held that the criminal confinement statute (Ind. Code § 35–42–3–3(a)(1, 2) defined two separate criminal offenses. "It is evident that the [criminal confinement] statute, framed in the disjunctive, includes two distinct types of criminal confinement...." *Id.* at 140 citing *Addis v. State* (1980), Ind.App., 404 N.E.2d 59. In *Jordan v. State* (1987), Ind., 502 N.E.2d 910, the supreme court ruled that "the offense of forgery [Ind. Code § 35–43–5–2] ... includes two distinct and independent crimes: *making* and *uttering* a forged instrument." *Id.* at 914 (emphasis in original). In *Walden v. State* (1989), Ind.App., 538 N.E.2d 288, *trans. denied,* we reversed the defendant's conviction for receiving stolen property under section (b) of the theft statute (Ind.Code § 35–43–4–2) because the evidence showed he was the actual thief and therefore could only be properly convicted under section (a) of the statute. In *Gamblin v. State* (1991), Ind.App., 568 N.E.2d 1040, we determined that the jury should not have been permitted to convict defendant of theft by promising performance that he knew would not be performed (Ind.Code § 35–43–4–1(b)(6))

when the information charged that the defendant took the property "in a manner other than that [to] which the [victim] had consented [I.C. § 35–43–4–1(b)(2) ]." We reasoned: "[A] jury may not be permitted to find the defendant guilty of an offense defined by the statute but which was not charged." *Id.* at 1044, 1045.

Consistent with the above quoted line of authority and in view of the difference in proof required for each section of the statute, we hold that I.C. § 35–48–4–3 defines at least two separate offenses of dealing in a controlled substance rather than a single offense provable by alternative means as argued by the State.

■ A criminal defendant has the right to be advised of the nature and cause of the accusation against him. *Kelly, supra.* There must be consistency between the allegations charged and the proof adduced, and the charge must state the offense alleged with sufficient particularity to enable the defendant to prepare his defense and to protect him in the event of double jeopardy. *Reed v. State* (1982), Ind., 438 N.E.2d 704, 705.

In the case before us, the charging information tracks the language in section (a)(1) of the statute. As to both counts I and II the information dictates in relevant part that Simmons:

> ... did unlawfully and knowingly, *deliver* to a confidential informant a controlled substance, to-wit: PENTAZOCINE classified in Schedule IV of the Indiana Uniform Controlled Substances Act ...

*Record* at p. 10 (emp. added). Simmons was not charged under section (a)(2) of the statute, namely: that he "possessed with intent to deliver" a controlled substance. A defendant may not be convicted for a crime not charged. *See Gamblin, supra.* Here the State charged Simmons, in Counts I and II, with the "delivery" variety of Dealing in a Schedule IV Controlled Sub-

stance.[2] However, the evidence adduced at trial only supports a conviction for one of the two counts.

We affirm the conviction on Count I, and reverse the conviction on Count II.

Affirmed in part and reversed in part.

BARTEAU and BAKER, JJ., concur.

---

**2.** We note that if the State had charged Simmons under the broader designation of "Dealing", rather than identifying a specific manner of dealing, then our decision today would have been different. *See, Coates v. State* (1967), 249 Ind. 357, 229 N.E.2d 640; *Lawrence v. State* (1968), 250 Ind. 161, 235 N.E.2d 198; *Green v. State* (1972), 258 Ind. 481, 282 N.E.2d 548; *Elmore v. State* (1978) 269 Ind. 532, 382 N.E.2d 893; *Nash v. State* (1982), Ind.App., 433 N.E.2d 807; *Walden v. State* (1989), Ind.App., 538 N.E.2d 288.