**Douglas O'CONNOR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 55A01–9111–CR–334.**

Court of Appeals of Indiana,
First District.

April 13, 1992.

ing law enforcement, a Class D felony,[1] operating a vehicle while intoxicated, a Class A misdemeanor,[2] resisting law enforcement, a Class A misdemeanor,[3] and several infractions. O'Connor was sentenced to three years' imprisonment for the felony, with two years suspended, and one year imprisonment for each of the misdemeanors, to be served consecutively, for an aggregate of five years' imprisonment with two suspended.

O'Connor now appeals the felony conviction, arguing the trial court erred in denying his motion for judgment on the evidence. He also appeals the trial court's sentencing order and argues the presentence report the trial judge used was biased against him.

## FACTS

The evidence most favorable to the jury's verdict reveals Martinsville Police Officer Jon Davis saw a car with its headlights off pulling out of an alley onto a Martinsville street at approximately 10:30 p.m. on April 16, 1991. O'Connor was driving the car, and as he pulled onto the street, he turned on the lights, drove a short distance, turned a corner, turned off the lights, and pulled over to the side of the street. There had been some burglaries in the neighborhood recently, so Officer Davis followed O'Connor around the corner to determine why O'Connor was acting strangely. As Officer Davis turned the corner, O'Connor again turned on his lights and pulled back into the traffic lane. At that time, Officer Davis decided to stop O'Connor and turned on his searchlight, flashing lights, and top lights. O'Connor began to pull over, but then sped away; Officer Davis pursued.

Officer Davis radioed for assistance and Officer Dan Riffel joined the chase, cutting in between O'Connor and Officer Davis at an intersection. O'Connor raced through the streets of Martinsville, driving around roadblocks, through stop signs and stop

Gregory T. Lauer, Martinsville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

After a jury trial, defendant-appellant Douglas O'Connor was convicted of resist-

1. IND.CODE 35–44–3–3(a)(1), (b)(1).

2. IND.CODE 9–11–2–2 (repealed, now IND. CODE 9–30–5–2).

3. IND.CODE 35–44–3–3(a)(3).

lights, and cutting through residential yards at speeds upwards of 60 miles per hour. Eventually, O'Connor led the Officers east out of Martinsville on State Road 44, and through the stop light at State Road 37. As they drove on State Road 44, at speeds up to 80 miles per hour, Officer Riffel tried on at least three occasions to pass O'Connor on the left and slow him down or stop him. Each time, O'Connor moved into the center of the road, forcing Officer Riffel either to fall back or be pushed off the road. Throughout this part of the chase, Officer Davis remained immediately behind Officer Riffel.

O'Connor turned onto Nast Chapel Road. Just before encountering a roadblock, he abandoned his car and ran off into the hills, where Officers Riffel and Davis apprehended him after a brief chase. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

### I

■■ O'Connor first argues the trial court erred in denying his motion for judgment on the evidence on Count I. A motion for judgment on the evidence should be granted only if "there is a total lack of evidence as to the guilt of the accused or where there is no conflict in the evidence and it is susceptible only to an inference in favor of the accused." *Watkins v. State* (1988), Ind., 528 N.E.2d 456, 460. A motion for judgment on the evidence will not be granted if the State has shown a *prima facie* case. *Carter v. State* (1984), Ind., 471 N.E.2d 1111. Upon review, we look at the denial of a motion for judgment on the evidence as we do all challenges to the sufficiency of the evidence; we neither reweigh evidence nor judge witness credibility. *Watkins, supra.*

In the present case, Count I of the information charged O'Connor with Class D felony resisting law enforcement under IND. CODE 35-44-3-3, which provides in pertinent part:

Sec. 3. (a) A person who knowingly or intentionally:

(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer;

\* \* \* \* \* \*

(3) flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop;

commits resisting law enforcement, a Class A misdemeanor, except as provided in subsection (b).

(b) The offense under subsection (a) is a:

(1) Class D felony if, while committing it, the person ... operates a vehicle in a manner that creates a substantial risk of bodily injury to another person....

\* \* \* \* \* \*

Specifically, Count I charged O'Connor under subsection (a)(1), (b)(1), alleging:

Douglas O'Connor on or about the 16th day of April, 1991, at and in the County of Morgan and State of Indiana *did knowingly and forcibly resist a law enforcement officer, to-wit: Jon Davis,* Martinsville Police Office [sic], while Jon Davis was lawfully engaged in his duties as a law enforcement officer and in committing said act, Douglas O'Connor operated a vehicle in such a manner that it created a substantial risk of bodily injury to Dan Riffel, to-wit: *attempting to force Dan Riffel who was operating his police vehicle off the roadway.*

*Record* at 3 (emphasis added). O'Connor now makes two arguments attacking the sufficiency of the State's case.

■■ First, O'Connor argues there was no evidence he forcibly resisted, obstructed, or interfered with police efforts to apprehend him. He is mistaken. Whether force has been used is a question for the jury. *See e.g., Taylor v. State* (1985), Ind., 480 N.E.2d 907, 909. Here, on at least three occasions, O'Connor attempted to prevent Officer Riffel from passing him by veering towards Officer Riffel as he drove up next to O'Connor. Not only was this sufficient evidence to go to the jury, but we are quite prepared to say that use of force

is established when the State shows that a high speed driver has attempted to push a police officer off the road.

■ O'Connor's second argument, on the other hand, is fatal to the State's case. As noted above, the charging information alleged O'Connor knowingly and forcibly resisted Officer Davis. The only evidence of force, however, was the use of the car to attempt to push Officer Riffel, not Officer Davis, off the road. The evidence adduced at trial would have supported a charge that O'Connor forcibly resisted Officer Riffel, thereby creating a substantial risk of bodily injury. *See Adams v. State* (1989), Ind. App., 542 N.E.2d 1362 (evidence was sufficient to show substantial risk of bodily injury when defendant fled an officer at speeds up to 80 m.p.h., ran stop signs, and crossed the center line). In the alternative, the evidence would have supported a charge under IND. CODE 35–44–3–3(a)(3), (b)(1) that O'Connor fled either Officer Davis or Officer Riffel in a manner creating a substantial risk of bodily injury. *See Adams, supra.*

The State, however, did not even attempt to prove O'Connor used force against Officer Davis, and the conviction and sentence on Count I must therefore be vacated. "A criminal defendant has the right to be advised of the nature and cause of the accusation against him. There must be consistency between the allegations charged and the proof adduced . . ." *Simmons v. State* (1992), Ind.App., 585 N.E.2d 1341, 1344 (citation omitted).[4]

*Simmons* also makes clear that we cannot affirm the felony conviction under subsection (a)(1) of the statute merely because the evidence would have supported a charge under subsection (a)(3) of the statute. In *Simmons,* the defendant was charged with two counts of delivery of a Schedule IV controlled substance under IND.CODE 35–48–1–11(1). A jury found Simmons guilty on both counts. We reversed the conviction on Count II because the evidence supporting that charge did not show an actual delivery. Instead, it showed Simmons possessed the controlled substance with the intent to deliver, a crime chargeable under subsection (2) of IND.CODE 35–48–1–11. Quoting *Gamblin v. State* (1991), Ind.App., 568 N.E.2d 1040, 1044–45, we stated, " '[a] jury may not be permitted to find the defendant guilty of an offense defined by the statute but which was not charged.' " *Id.,* 585 N.E.2d at 1344. So it is here. In Count I, O'Connor was charged with forcibly resisting a law enforcement officer. He was not charged with fleeing a law enforcement officer, and he cannot be convicted without being charged.

There being no evidence to support the crime as charged in the information on Count I, the trial court erred in denying O'Connor's motion for judgment on the evidence.

## II

*Presentence Report*

O'Connor next argues the trial court improperly considered a biased presentence report and gave him consecutive sentences based on erroneous aggravating factors.

■ The probation officer who prepared the report was married to one of the police officers who set up roadblocks in O'Connor's path. She recommended O'Connor receive the maximum sentence on each of Counts I, II, and III, and the trial judge considered the report in pronouncing sen-

---

**4.** Indeed, during closing argument, the Prosecutor compared Count I with Count III, which charged O'Connor with fleeing Officer Davis, as follows:

We're talking about somebody that knew what they were doing and knew he would do anything to avoid getting caught. Did he act knowingly, yes. *Did he use force to resist, obstruct, or interfere with Officer Riffel,* remember this is different from [sic] happened with Officer Davis, in that Count we're talking about straight fleeing, that's the act of running but in this case the defendant did more that [sic] run . . . [T]he defendant without any warning pulled over into the middle of the road and what situation does that put Officer Riffel in, he's got to make a split second decision, *is that an act of force, is that an attempt to resist, obstruct, or interfere with Officer Riffel, you bet it is.*

*Record* at 555–56 (emphasis added).

tence. O'Connor sees in the probation officer's marital status a bias against him which led to an unduly harsh sentence. Relying on *McMichael v. State* (1984), Ind. App., 471 N.E.2d 726, 732, he correctly argues a presentence investigation and report should be neutral. Beyond the probation officer's marital status, however, he has failed to show, or even to allege, how the probation officer was biased against him. We agree with O'Connor that the better practice would have been to assign the case to a probation officer not related to one of the police officers. Nonetheless, even if error exists, an appellant is not entitled to reversal unless the error was prejudicial. *Sharp v. State* (1989), Ind., 534 N.E.2d 708, *cert. denied*, 494 U.S. 1031, 110 S.Ct. 1481, 108 L.Ed.2d 617. O'Connor has failed to show prejudice here.

First, as we have already stated, O'Connor offers no facts to show the probation officer was biased against him. Second, at the sentencing hearing, O'Connor cross-examined the probation officer about her relationship with the police officer, thereby revealing to the trial judge any bias the probation officer may have had. Third, O'Connor does not challenge the information contained within the presentence report. Finally, the trial judge was not bound by the probation officer's recommended sentence. *Butrum v. State* (1984), Ind., 469 N.E.2d 1174.

*Consecutive Sentences*

 As for the sentence itself, O'Connor argues that the trial judge erred in relying on charges pending against O'Connor in other counties. He is mistaken. The trial court has broad discretion to consider aggravating factors and impose consecutive sentences. *Parrish v. State* (1987), Ind., 515 N.E.2d 516. This discretion includes consideration of arrests not yet reduced to conviction. Although the statutory aggravating factor for criminal activity, IND.CODE 35–38–1–7.1(a)(3)(A), refers to actual commission of crime, not merely arrest, *Tunstill v. State* (1991), Ind., 568 N.E.2d 539, 544, an arrest record is a valid aggravating factor "relevant to the court's assessment of the defendant's

character and the risk that he will commit another crime." *Id.* at 545.

 Moreover, we will reverse a sentence authorized by statute only if it is manifestly unreasonable and an abuse of discretion. *Parker v. State* (1991), Ind. App., 567 N.E.2d 105; Ind. Appellate Rule 17. Here, the trial court relied on several proper factors to impose the consecutive sentences, including O'Connor's prior convictions and O'Connor's need for correctional or rehabilitative treatment to be found in a penal facility, based on O'Connor's courtroom behavior and comments, his lies about his criminal record, and his disdain for the law. This was a sufficient articulation of aggravating factors to warrant the imposition of consecutive sentences. There was no abuse of discretion.

## CONCLUSION

The conviction and sentence under Count I are vacated. The imposition of consecutive sentences under Counts II and III is affirmed.

ROBERTSON, J., concurs.

SHARPNACK, J., concurs and dissents with separate opinion.

SHARPNACK, Judge, concurring and dissenting.

I respectfully dissent in part for I believe the majority has reweighed the evidence on Count I.

According to O'Connor's charging information:

> Douglas O'Connor on or about the 16th day of April, 1991, at and in the County of Morgan and State of Indiana did knowingly and forcibly resist a law enforcement officer, to-wit: Jon Davis, Martinsville Police Office [sic], while Jon Davis was lawfully engaged in his duties as a law enforcement officer ...

*Record*, p. 3.

In order to establish that O'Connor violated the statute dealing with resisting law enforcement, the state was required to show that O'Connor forcibly interfered with Officer Davis: "that is, the State had

to demonstrate that the interference was effected through the use of force." *White v. State* (1989), Ind.App., 545 N.E.2d 1124. The evidence indicates that O'Connor led two police officers in a high-speed chase through the streets of Martinsville and the state roads of Indiana, drove around roadblocks, drove through stop signs and stop lights, and cut through residential yards at speeds upwards of 60 miles per hour. As Officer Davis was pursuing O'Connor on State Road 44, albeit in the police car immediately behind Officer Riffel, the cars reached speeds of up to 80 miles per hour. On the three occasions that Officer Riffel tried to pass O'Connor so as to slow him down or stop him, O'Connor moved into the center of the road and forced Officer Riffel to fall back behind him.

In my opinion, the jury could have reasonably concluded from this evidence that O'Connor's use of force against Officer Riffle additionally interfered with Officer Davis's efforts to apprehend him. In other words, the jury could have reasonably concluded that each of the times O'Connor forced Officer Riffel to fall in behind him, O'Connor forcibly interfered with and resisted not only Officer Riffel but also Officer Davis. For this reason, and because we are prohibited by our standard of review from reweighing the evidence, I would affirm the trial court's denial of O'Connor's motion for judgment on the evidence on Count I.

I concur with the majority on the other issues.