CONNECTICUT INDEMNITY COMPANY, Fire and Casualty Insurance Company of Connecticut, EBI Companies, Inc., and Orion Capital Companies, Appellants–Defendants,

v.

Eric BOWMAN, Appellee–Plaintiff.

No. 49A05–9412–CV–481.

Court of Appeals of Indiana.

July 17, 1995.

Transfer Denied Nov. 29, 1995.

Todd J. Kaiser, Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, for appellants.

C. Warren Holland, Michael W. Holland, Holland & Holland, Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

Connecticut Indemnity Company ("CIC") brings this interlocutory appeal of the trial court's denial of CIC's motion to dismiss Eric Bowman's complaint against CIC raising the issue whether Bowman is collaterally estopped from pursuing his claims for gross negligence, intentional infliction of emotional distress, and constructive fraud. We affirm.

## FACTS

Bowman was injured in the course of his employment with Standard Locknut and Lockwasher, Inc. ("Standard Locknut"). CIC is Standard Locknut's worker's compensation carrier and handled the adjustment and defense of Bowman's worker's compensation claim. Bowman was initially treated by Dr. Sartorius, who recommended a lumbar discectomy and fusion. CIC arranged for the surgery to be performed by Dr. Beghin. Surgery was performed on April 21, 1992, but it was not the procedure recommended by Dr. Sartorius. The record does not indicate what surgery Dr. Beghin performed. Bowman was released to work by

Dr. Beghin in June of 1992, but he was unable to perform the work offered by Standard Locknut. Bowman was discharged and worker's compensation benefits were suspended.

Bowman filed an application for adjustment of claim with the Worker's Compensation Board ("Board") on June 17, 1992. A hearing was held on October 26, 1993. Subsequent to the hearing, the parties filed briefs with the Board and Bowman also filed, pursuant to Ind.Code 22–3–4–12, a request for attorney fees for alleged bad faith in the handling of the claim by Standard Locknut and CIC. Standard Locknut objected to Bowman's request for attorney fees on the grounds that the parties had stipulated to all issues before the hearing judge and the stipulation did not include the issue whether Bowman was entitled to attorney's fees. Standard Locknut requested that the request for attorney's fees be summarily denied. The Board awarded Bowman additional benefits and denied the request for attorney's fees.

Bowman filed a lawsuit against CIC on the theories of gross negligence, constructive fraud, and intentional infliction of emotional distress in the handling of Bowman's worker's compensation claim. CIC filed a motion to dismiss, contending that Bowman was collaterally estopped from relitigating CIC's handling of the claim. The trial court denied CIC's motion to dismiss.

### DISCUSSION

█ CIC contends the trial court erred in denying its motion to dismiss. A motion to dismiss tests the legal sufficiency of a complaint. *Valley Federal Sav. Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099, 1101. When matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment. *Id.* Here, the parties presented evidence outside the pleadings which the trial court considered. Therefore, we will treat CIC's motion to dismiss as a motion for summary judgment.

In reviewing a ruling on a motion for summary judgment, this court applies the same standard as the trial court. *Id.* Since the parties do not dispute the facts material to the claim, we must determine whether the trial court correctly applied the law. *Id.*

█ CIC argues that collateral estoppel (also referred to as the issue preclusion component of res judicata) applies to bar Bowman's complaint against CIC. Collateral estoppel is different from res judicata in that the subsequent action is not between the same parties on the same claim. *Sullivan v. American Casualty Co. of Reading, Pa.* (1992), Ind., 605 N.E.2d 134, 137. "Collateral estoppel operates to bar a subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit." *Id.* Indiana no longer recognizes the requirements of mutuality of estoppel and identity of parties in the defensive use of collateral estoppel. *Id.* at 139. In determining whether the defensive use of collateral estoppel is appropriate, the court must consider "whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel." *Sullivan,* 605 N.E.2d at 138; *White v. Allstate Ins. Co.* (1992), Ind., 605 N.E.2d 141, 142. Thus, if Bowman had a full and fair opportunity to litigate the issues of CIC's gross negligence, constructive fraud, and intentional infliction of emotional distress, he is collaterally estopped from relitigating the same issues, unless it would be unfair under the circumstances to permit CIC to assert collateral estoppel.

Indiana Code 22–3–4–12 provides in part:

When any claimant for compensation is represented by an attorney in the prosecution of his claim, the industrial board shall fix and state in the award, if compensation be awarded, the amount of the claimant's attorney's fees. The fee so fixed shall be binding upon both the claimant and his attorney, and the employer shall pay to the attorney out of the award the fee so fixed, *. . . provided, that whenever the industrial board shall determine upon hearing of a claim that the employer had acted in bad*

*faith in adjusting and settling said award, or whenever the industrial board shall determine upon hearing of a claim that the employer has not pursued the settlement of said claim with diligence, then the board shall, if compensation be awarded, fix the amount of the claimant's attorney's fees and such attorney fees shall be paid to the attorney and shall not be charged against the award to the claimant.*

(Emphasis added). The definition of "employer" includes the employer's insurer. I.C. 22–3–6–1(a). After the hearing on his claim, but before the Board had rendered a decision, Bowman filed a request for attorney's fees under this section on the grounds that Standard Locknut and CIC had acted in bad faith in handling his claim. The Board denied the request without stating why the request was being denied.

CIC alleges that because the request was denied, the Board necessarily determined that CIC had not acted in bad faith. CIC further argues that the claims of gross negligence, constructive fraud, and intentional infliction of emotional distress involve essentially the same facts as the claim of bad faith, and thus Bowman is collaterally estopped from relitigating those facts.

■ We do not agree that the issues of fact regarding CIC's alleged bad faith were necessarily determined by the Board.[1] "Where a judgment may have been based upon either or any of two or more distinct facts, a party desiring to plead the judgment as an estoppel by verdict or finding [another term for collateral estoppel] upon the particular fact involved in a subsequent suit must show that it went upon that fact, or else the question will be open to a new contention." *Peterson v. Culver Educational Foundation*

(1980), Ind.App., 402 N.E.2d 448, 461 (quoting *Town of Flora v. Indiana Service Corp.* (1944), 222 Ind. 253, 256–58, 53 N.E.2d 161, 163). Findings not essential to or material to the judgment do not affect collateral estoppel. Estoppel does not extend to matters not expressly adjudicated and which can only be inferred by argument and "[t]here is no estoppel where anything is left to conjecture as to what was necessarily involved and decided, as where the judgment, which might have been based upon one of several grounds, does not show upon which ground it was based." *Peterson*, 402 N.E.2d at 461.

■ Here, the Board did not state the reason or reasons for denying the request for attorney's fees. Standard Locknut had filed an objection to the request on the grounds that the issue of attorney's fees was outside the scope of the parties's stipulation of the issues. Thus, the Board could have denied the request because it was outside the scope of the issues, or it could have denied the request because it found neither Standard Locknut nor CIC acted in bad faith. Under these circumstances, we cannot say that the Board necessarily decided the factual issues regarding CIC's conduct raised in Bowman's complaint against CIC.

CIC also argues that the Board has a duty to determine whether the employer or its insurer acted in bad faith or without diligence whenever it hears a claim for benefits because I.C. 22–3–4–12 requires the Board to award attorney's fees whenever it determines that the employer or its insurer acted in bad faith. We do not address this issue, however, because CIC did not make this argument to the trial court, thus waiving it on appeal. *City of Lake Station v. Moore Real Estate* (1990), Ind., 558 N.E.2d 824, 827. Addition-

---

1. Bowman contends that CIC did not argue to the trial court that the Board necessarily determined that CIC did not act in bad faith and is thus precluded from making that argument on appeal. We disagree. In CIC's motion to dismiss it is alleged that the issue of the conduct of CIC in handling the claim was raised and determined by the Board. Bowman, however, did not argue that the Board did not necessarily determine whether CIC acted in bad faith. Bowman merely argued that the issue of bad faith is not the same as the issues of gross negligence, constructive fraud, or intentional infliction of emo-

tional distress. We may affirm the trial court's judgment on any theory supported by the record, *Valley Federal*, 612 N.E.2d at 1102; thus, we are not hampered by Bowman's failure to argue that the Board did not necessarily make the factual determinations at issue in Bowman's complaint.

Additionally, Bowman argues that CIC did not designate materials to the trial court that it used in its argument. Again, we disagree. In its motion to dismiss CIC referenced the materials from the Board proceedings that it was relying upon. This was a sufficient designation.

ally, we do not address the issue whether the claims of gross negligence, constructive fraud, and intentional infliction of emotional distress raise the same issues as the claim of bad faith since we concluded that the Board did not necessarily determine the issue of bad faith.

The trial court properly concluded that Bowman was not collaterally estopped from bringing his claims against CIC and properly denied CIC's motion to dismiss.

AFFIRMED.

SHARPNACK, C.J., concurs.

HOFFMAN, J., concurs in result with opinion.

HOFFMAN, Judge, concurring in result opinion.

I concur in the affirmance of the trial court's denial of CIC's motion to dismiss Bowman's complaint against CIC raising the issues of gross negligence, intentional infliction of emotional distress, and constructive fraud; however, I do so for different reasons than the majority. In *Stump v. Commercial Union* (1992), Ind., 601 N.E.2d 327, our supreme court recognized that the exclusivity provision of the Worker's Compensation Act did not preclude a plaintiff from seeking recovery from third-party claimants for additional injuries sustained as a proximate result of tortious conduct. *Id.* at 331. Thus, the court created a category of distinct tort actions over which the Worker's Compensation Board has no jurisdiction. A plaintiff can never be collaterally estopped from resolving his independent tort action against a third party, which does not occur by accident and arise out of and in the course of employment. I concur in result.