Scott D. WILCOX, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 32A01–9502–CR–57.

Court of Appeals of Indiana.

April 24, 1996.

**380**

Paula M. Sauer, Danville, for Appellant.

Pamela Carter, Attorney General of Indiana, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Scott D. Wilcox appeals from his conviction for Nonsupport of a Dependent, a Class D felony, following a jury trial. The trial court imposed a three year suspended sentence and placed Wilcox on probation.

We affirm in part, reverse in part and remand.

### ISSUES

Wilcox presents three issues for our review which we restate as follows:

1. Whether the doctrine of collateral estoppel barred relitigation of Wilcox's ability to pay child support.

2. Whether the trial court erred when it denied Wilcox's motion for judgment on the evidence.

3. Whether the trial court erred when it sentenced Wilcox.

### FACTS

The facts most favorable to the verdict show that Kay Henderson and Wilcox were married and had one daughter, Ashley. In 1985, Henderson and Wilcox separated and they were divorced in 1987. The parties' settlement agreement provided that Ashley was to live with Henderson, and Wilcox was to pay $275.00 per week in child support. Wilcox moved to Florida while Henderson and Ashley lived together in Plainfield, Indiana.

On November 4, 1993, the Federal Trade Commission ("FTC") obtained a Preliminary Injunction against Wilcox in the United States District Court for the Southern District of Florida which froze all of his assets. Immediately thereafter, Wilcox became delinquent in his child support payments.

Henderson filed a petition in the Marion Superior Court to hold Wilcox in contempt of court for his failure to pay child support. Following a hearing, the court denied Henderson's petition. The court found that although Wilcox failed to pay support from November of 1993 through January 25, 1994, Wilcox was not in contempt of court because he did not have the financial ability to meet his support obligations due to the FTC injunction. Henderson filed a motion to intervene and an emergency motion to modify the preliminary injunction in the United States District Court to permit payment of child support. She obtained such relief from the federal court in September of 1994.

Then, in June of 1994, the State filed criminal charges against Wilcox for nonsupport of a dependent from November of 1993 through June 17, 1994. After a jury trial in October of 1994, Wilcox was convicted of nonsupport of a dependent and was subsequently sentenced to serve three years, all of which was suspended.

## DISCUSSION AND DECISION

### Issue One: Collateral Estoppel

Wilcox contends that an issue determined in a civil adjudication can serve as a defensive bar in a subsequent criminal proceeding. Specifically, Wilcox maintains that in the civil contempt proceeding he proved, by a preponderance of the evidence, his inability to pay child support and, thus, that he conclusively established the affirmative defense of inability to pay child support in the later criminal proceeding for nonsupport of a dependent child. We cannot agree.

■■■ Collateral estoppel operates to bar a subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit. *Tofany v. NBS Imaging Systems, Inc.,* 616 N.E.2d 1034, 1037 (Ind.1993); *Connecticut Indem. Co. v. Bowman,* 652 N.E.2d 880, 882 (Ind.Ct.App.1995), *trans. denied.* In that situation, the first adjudication will be held conclusive even if the second one is on a different claim. *Tofany,* 616 N.E.2d at 1037. Indiana no longer requires mutuality of estoppel and identity of parties in the defensive use of collateral estoppel. *Connecticut Indem. Co.,* 652 N.E.2d at 882.[1] Issue preclusion requires a final judgment on the merits in a court of competent jurisdiction as well as identity of issues. *See Hayworth v. Schilli Leasing, Inc.,* 644 N.E.2d 602, 604 (Ind.Ct. App.1994).

■■■ The trial court's decision to disallow the use of collateral estoppel will be reversed only upon a showing of an abuse of discretion. *Id.* The prime consideration with the defensive use of collateral estoppel is whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would otherwise be unfair under the circumstances to permit the use of collateral estoppel. *Sullivan v. American Cas. Co. of Reading, PA,* 605 N.E.2d 134, 138 (Ind.1992).

■ Henderson filed civil contempt proceedings against Wilcox on November 23, 1993, alleging that Wilcox had failed to pay child support as ordered by the court. To hold a person in contempt for failure to pay child support, the court must find that the delinquency was the result of the willful failure by the parent to comply with the support order and that the delinquent parent has the financial ability to comply with the court order. *Pettit v. Pettit,* 626 N.E.2d 444, 447 (Ind.1993). The parent who has failed to comply with a child support order has the burden of proving, by a preponderance of the evidence, that the failure to comply was not willful or was otherwise excused. *Ort v. Schage,* 580 N.E.2d 335, 337 (Ind.Ct.App. 1991). Here, at the conclusion of the contempt hearing, the court found that "Wilcox had failed to pay support" but that "he was not in contempt because he did not have the financial ability to meet his support obligations." Record at 75. The court determined that Wilcox's "personal assets had been seized by the federal government and he was unable to operate his various businesses." Record at 75.

In this case, Wilcox presents an issue of first impression, whether the doctrine of collateral estoppel bars relitigation of an issue determined in a civil action in a subsequent criminal proceeding. Issue preclusion may, under appropriate circumstances, be applied between judicial proceedings in four combinations: civil to civil, criminal to criminal, criminal to civil, and civil to criminal. *See Turner v. Estate of Turner,* 454 N.E.2d 1247, 1248–49 n. 2 (Ind.Ct.App.1983), (issue preclusion applies from criminal to civil proceeding when burden of proof identical), *trans. denied;* Susan W. Brenner, *"Crossing–Over:" The Issue–Preclusive Effects of a Civil/Criminal Adjudication Upon a Proceeding of the Opposite Character,* 7 North.Ill.U.L.Rev. 141 (1987). Here, we consider the application of issue preclusion from a civil to a criminal adjudication.

Wilcox contends that the issue in both proceedings was whether he was financially

---

1. Mutuality of estoppel refers to the requirement that one taking advantage of the prior adjudication would have been bound had the prior judgment gone the other way. *Tofany,* 616 N.E.2d at

1037. Identity of parties refers to the requirement that the party to be bound by a prior adjudication must be the same as or in privity with the party in the prior action. *Id.*

able to provide support, and he correctly states that in both proceedings he had the burden of proving the issue by a preponderance of the evidence. However, we cannot agree that there was an identity of issues between the two proceedings. The issue decided by the court in the civil contempt proceeding was that Wilcox was unable to pay child support from November of 1993 through January of 1994. The issue which would have had preclusive effect for the later criminal proceeding was the determination that Wilcox was unable to provide support from November of 1993 through June of 1994.

Although Wilcox argues that the additional five month time period is inconsequential, that additional period of time supports the State's allegation that Wilcox wilfully and intentionally withheld child support. The record shows that Wilcox failed to obtain employment during that five month period and failed to seek relief from the preliminary injunction which froze his assets. Record at 428, 559, 562, 569–70. It was Henderson who petitioned for and obtained a release from the United States District Court of sufficient assets to provide child support. Record at 451.

Wilcox presented evidence of the asset freeze to the jury. Still, the jury concluded that Wilcox had intentionally refused to provide support for his child and, in effect, that his lack of payment did not result from his inability to pay. The additional five months of nonpayment could have been pivotal to that conclusion. We hold that the doctrine of collateral estoppel does not apply here because the issues between the two adjudications were not coextensive and the issue presented in the second action was not subsumed within the issue determined in the first adjudication. Thus, we need not determine whether, before issue preclusion can apply, the burdens of proof must be identical where a civil adjudication is followed by a criminal adjudication of the same issue. Neither must we decide whether it would be unfair here to bind the State to the prior civil adjudication.

### Issue Two: Motion for Judgment on the Evidence

Next, Wilcox contends that the trial court erred when it denied his motion for judgment on the evidence. We disagree.

■ A motion for judgment on the evidence should be granted only if there is a total lack of evidence as to the guilt of the accused or where there is no conflict in the evidence and it is susceptible only to an inference in favor of the accused. *O'Connor v. State*, 590 N.E.2d 145, 147 (Ind.Ct.App. 1992). A motion for judgment on the evidence will not be granted if the State presented a prima facie case. *Id.* Upon review, we look at the denial of a motion for judgment on the evidence as we do all challenges to the sufficiency of the evidence, and we neither reweigh evidence nor judge witness credibility. *Id.*

■ Nonsupport of a dependent requires the prosecution to prove beyond a reasonable doubt that the accused knowingly or intentionally failed to provide support for his dependent child. IND.CODE § 35-46-1-5. Here, the prosecutor established a prima facie case of non-payment against Wilcox. Wilcox admitted during the trial that he failed to make his child support payments during the period in question. Wilcox further testified that he did not obtain other employment or attempt to obtain relief from the asset freeze to provide for his daughter's support. As we have already noted, it was Henderson who petitioned for and obtained from the federal court a release of sufficient assets to cover Wilcox's child support obligations.

Contrary to Wilcox's assertion that he was financially unable to make the child support payments, the evidence in the record and the inferences therefrom support the conclusion that Wilcox could have provided for his child. Wilcox has failed to show that the evidence is without conflict and leads only to a conclusion in his favor. Rather, Wilcox merely invites us to reweigh the evidence, a task not within our prerogative as the reviewing court. We find no error.

### Issue Three: Sentencing

Finally, Wilcox contends that the trial court erred when it sentenced him to an enhanced term of three years without identifying the aggravating and mitigating circumstances as required by Indiana Code § 35–38–1–3. We agree.

The determination of the sentence to be given a particular defendant is normally left to the sound discretion of the trial court. *Duvall v. State*, 540 N.E.2d 34, 36 (Ind.1989). The trial court's decision will be reversed only upon a showing of a manifest abuse of discretion. *Sims v. State*, 585 N.E.2d 271, 272 (Ind.1992). The trial court is not required to state a basis for imposing the presumptive sentence on a conviction. *Hardebeck v. State*, 656 N.E.2d 486, 491 (Ind.Ct.App.1995), *trans. denied*. However, when the court exercises its discretion to enhance a presumptive sentence, the record must disclose the factors the court considered to justify the imposition of an enhanced sentence. *Id.* There are two purposes for requiring the reasoned sentencing statement. First, it safeguards against the imposition of arbitrary and capricious sentences because it insures that the sentencing judge only considered proper matters when imposing sentence. *Scheckel v. State*, 655 N.E.2d 506, 509 (Ind.1995). Second, the statement allows a reviewing court to determine the reasonableness of the imposed sentence. *Id.*

Wilcox argues, and the State concedes, that the trial court failed to provide a reasoned sentencing statement. The presumptive sentence for a Class D felony is one and one-half years. IND.CODE § 35–50–2–7. The court here imposed a three year sentence but failed to identify a single aggravating circumstance to support that sentence or to state a specific reason why any circumstance was considered aggravating. The court must identify all significant aggravating and mitigating factors. *Sims v. State*, 585 N.E.2d 271, 272 (Ind.1992). Therefore, we are constrained to remand this case to the trial court for resentencing.

Affirmed in part, reversed in part and remanded for resentencing.

ROBERTSON, J. concurs.

CHEZEM, J. concurs with separate opinion.

CHEZEM, Judge, concurring.

I concur with the Majority in its discussion of collateral estoppel. While I also agree that the trial judge was statutorily bound to state reasons for the enhancement of the sentence, this is a situation where substance should prevail over form. The reason for enhancement is evident in the record and the trial judge will only be restating the obvious. The sentence imposed was entirely suspended and, thus, unless Wilcox violates the terms of his suspension, the point seems to be moot. It is only when judges fail to give reasons for sentences not suspended but enhanced that such a reversal and remand begins to make sense.