Abraham SEGOVIA, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 56A03–9503–CR–100.

Court of Appeals of Indiana.

May 31, 1996.

Stephen Bower, Cohen & Thiros, Merrillville, for appellant.

Pamela Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

STATON, Judge.

Abraham Segovia, Jr. ("Segovia") appeals his conviction for conspiracy to commit arson, a class B felony.[1] He presents several issues for our review, one of which is dispositive: Whether his prosecution for conspiracy to commit arson was barred by his acquittal of felony murder in a prior proceeding.

We reverse.

The facts most favorable to the verdict indicate that Segovia was charged with felony murder[2] after a fire in a trailer park. A child, Lesley Flynn ("Flynn"), died during the fire. The State later filed conspiracy charges which alleged that Segovia had conspired with others to commit arson. The overt act alleged in furtherance of the conspiracy was the arson. The two criminal proceedings were consolidated and proceeded to trial. At trial, the jury acquitted Segovia of the felony murder charge and was unable to reach a verdict on the conspiracy charge. The State then refiled the conspiracy charge. Segovia moved to dismiss the charge on the basis that it constituted double jeopardy, but the court denied his motion. The second conspiracy case proceeded to trial and Segovia was convicted.

Segovia argues that the second trial constituted double jeopardy because his acquittal on the felony murder charge barred any further proceedings on the conspiracy charge. The Double Jeopardy Clause[3] em-

---

1. IND.CODE § 35–41–5–2 (1988) and IND.CODE § 35–43–1–1 (1988).

2. IND.CODE § 35–42–1–1(2) (Supp.1992).

3. The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb ..." U.S. CONST. amend. V.

bodies three protections: "a second prosecution for the same offense after an acquittal; a second prosecution for the same offense after a conviction; and multiple punishments for the same offense." *Buie v. State,* 633 N.E.2d 250, 259–60 (Ind.1994), *reh. denied* (citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969)). The question is whether Segovia's second trial on conspiracy to commit arson would constitute a second prosecution after acquittal on the same offense.

 In order to determine whether felony murder and conspiracy to commit arson are the same offense for double jeopardy purposes, we first apply the *"Blockburger* test."

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (citation omitted). Ordinarily, prosecution for both conspiracy to commit a felony and the underlying felony does not constitute double jeopardy. *Buie, supra,* at 260. However, if the State chooses to charge the substantive offense as the overt act, the offenses become the same offense for double jeopardy purposes because the State is not required to prove any additional facts beyond the conspiracy charge to prove the substantive offense. *Neal v. State,* 659 N.E.2d 122, 125 (Ind.1995); *Buie, supra,* at 261.

 In the present case, Segovia was charged with felony murder and conspiracy to commit arson. In order to obtain a conviction on the felony murder charge, the State had to prove that (1) Flynn died and (2) Segovia committed or attempted to commit arson. IC 35–42–1–1(2). In order to prove the conspiracy charge, the State had to prove that (1) Segovia agreed with Chris Scott to commit arson, (3) intended to commit arson, (2) and that the arson (the overt act) was committed. IC 35–41–5–2. A review of these charges shows that they are not the same offense for double jeopardy purposes

because although both charge the arson as an element, each contains an element not included in the other. To prove felony murder, the State had to prove that Flynn died, but not that there was an agreement to commit the arson. On the other hand, in order to obtain a conviction on the conspiracy charge the State had to prove that there was an agreement to commit the arson, but not that Flynn died. Thus, as charged, felony murder and conspiracy to commit arson are not the same offense.

 Our inquiry does not end here, however. Even though two offenses may not constitute the "same offense" for double jeopardy purposes, the State may still be collaterally estopped from prosecuting the second charge. Collateral estoppel is not the same as double jeopardy, but rather it is embodied within the protection against double jeopardy. *Little v. State,* 501 N.E.2d 412, 413–14 (Ind.1986). " '[T]he traditional bar of jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion, simply forbids the government from relitigating certain facts in order to establish the fact of the crime.' " *Id.* at 414 (quoting *United States v. Mock,* 604 F.2d 341, 343–44 (5th Cir.1979)). In order to apply the doctrine of collateral estoppel, the court must engage in a two step analysis: "(1) determine what the first judgment decided; and (2) examine how that determination bears on the second case." *Webb v. State,* 453 N.E.2d 180, 183 (Ind. 1983), *reh. denied, cert. denied,* 465 U.S. 1081, 104 S.Ct. 1449, 79 L.Ed.2d 767 (1984) (citing *United States v. Mespoulede,* 597 F.2d 329 (2d Cir.1979)). Determining what the first judgment decided involves an examination of the record of the prior proceedings including the pleadings, evidence, charge and any other relevant matters. *Id.* at 184. The court must then decide whether a reasonable jury could have based its verdict upon any factor other than the factor of which the defendant seeks to foreclose consideration. *Id.* If the jury could have based its decision on another factor, then collateral estoppel does not bar relitigation. *Id.*

■ A review of the record in the felony murder trial shows that the issue in dispute was whether Segovia either committed arson or aided another to commit arson. There did not appear to be any dispute concerning whether Flynn died during the fire. The jury was instructed that Segovia was guilty if the State proved that he either set the fire or was an accessory to the arson.[4] In order to acquit Segovia of felony murder, the jury necessarily had to determine that Segovia did not set or assist another in setting the fire nor did he cause another to set the fire.

The State makes two arguments concerning other possible bases for the verdict. First, it argues that because the grand jury indictment charges that Segovia "knowingly" killed Flynn,[5] the jury could have found that Segovia did commit the arson but did not knowingly commit murder. This argument is flawed, however, because the jury was not instructed that the murder must have been committed knowingly. Instead, the jury instructions informed the jury that the State must prove that the murder occurred during the arson. In addition, Segovia tendered an instruction which would have required the State to prove that Segovia knowingly killed Flynn while committing the arson which was refused by the trial court.[6] Thus, even if the jury did find that Segovia did not knowingly

kill Flynn, they were instructed to find him guilty of murder if he participated in the arson.

Next, the State argues that other extraneous factors, such as Segovia's age, could have influenced the jury's verdict. In addition, because the jury is the judge of both the law and the facts, it could have decided that it did not agree with the concept of felony murder and chose to ignore the law. It is true that in Indiana the jury determines both the law and the facts in criminal trials. IND. CONST., Art. I, § 19. However, if that could be a basis for avoiding the application of collateral estoppel, the doctrine would never be applied because every criminal acquittal includes the risk of a jury deciding simply not to follow the law.

Once we determine what fact was necessarily decided in the first trial, we must determine how that affects the second trial. *Webb, supra,* at 183. In the first trial, it was determined that Segovia was not involved in the arson either as a principal or an accessory. In order to prove the conspiracy charge, the State had to prove the overt act—the arson. Because the jury in the first trial determined that Segovia was not involved in the arson, the State was estopped from attempting to prove that he was involved in the arson in the second action. *Little, supra,* at

---

4. State's Instruction No. 1 provided:
 The crime of murder is defined by statute as follows:
 A person who:
 1. knowingly or intentionally kills another human being; or
 2. kills another human being while committing or attempting to commit arson, burglary, child molesting, criminal deviate conduct, kidnapping, rape or robbery commits murder, a felony.
 To convict the defendant, the State must have proved each of the following elements:
 The defendant:
 1. Killed Lesley Flynn
 2. While committing or attempting to commit the crime of arson. . . .
 * * * * * *
 Record at 155.
 State's Instruction No. 13 provided:
 You are further instructed that a person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:
 (1) Has not been prosecuted for the offense;
 (2) Has not been convicted of the offense; or
 (3) Has been acquitted of the offense.

Record at 167.

5. The indictment read:

 * * * * * *

 On or about the 30th day of September, 1991, in Newton County, State of Indiana, Abe Segovia, Jr. did knowingly kill another person, to-wit: Lesley W. Flynn, while committing or attempting to commit arson.

 * * * * * *
 Record at 6.

6. Defendant's Final Instruction No. 14 provides:
 * * * * * *
 To convict the Defendant, the State must have proved each of the following elements:
 The Defendant:
 1. knowingly
 2. killed
 3. Lesley Flynn
 4. while committing or attempting to commit arson
 * * * * * *
 Record at 185.

414. Segovia's conviction for conspiracy to commit arson cannot stand.

Reversed.

GARRARD and HOFFMAN, JJ., concur.