**Wesley A. SMITH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 55A01–9601–CR–2.

Court of Appeals of Indiana.

Aug. 20, 1996.

Transfer Denied Oct. 15, 1996.

---

**3.** The only difference between the two crimes is that voluntary manslaughter requires proof of sudden heat, which is a mitigating factor that reduces what would otherwise be murder to voluntary manslaughter. IND. CODE § 35–42–1–3(b); *Palmer v. State,* 425 N.E.2d 640, 644 (Ind. 1981).

Susan K. Carpenter, Public Defender of Indiana and Gregory L. Lewis, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana and Suzann Weber–Lupton, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

BAKER, Judge

Appellant-defendant Wesley A. Smith challenges his convictions for three counts of Dealing in Cocaine,[1] all Class A felonies, Dealing in Marijuana,[2] a Class D felony, and Dealing in Marijuana,[3] a Class A misdemeanor. Smith contends that his convictions were barred by the doctrine of collateral estoppel because of his acquittal in another county on charges arising from the same drug sting operation.

### FACTS

On June 5, 1986, Mark Stroud agreed to become a confidential informant for the Indiana State Police to avoid prosecution for selling cocaine. Thereafter, Stroud contacted Smith, with whom he had previously used drugs, to arrange to purchase drugs. In September 1986, Stroud and two undercover police officers purchased marijuana and cocaine from Smith on five separate occasions. One of the cocaine purchases took place in Hendricks County while the remaining four occurred in Morgan County. As a result of these transactions, Smith was charged with various offenses in Hendricks and Morgan Counties.

In February 1987, Smith was tried in Hendricks County for possession and dealing cocaine. Smith raised entrapment as his sole

---

1. IND. CODE § 35–48–4–1.

2. IND. CODE § 35–48–4–10(b)(1).

3. IND. CODE § 35–48–4–10(a).

defense. Following trial, the jury acquitted Smith of all charges. Thereafter, the State sought to try Smith in Morgan County for the sale of marijuana and cocaine. Smith moved to dismiss those charges on the basis that by acquitting him, the Hendricks county jury had necessarily found that he had been entrapped and, therefore, that the State was collaterally estopped from prosecuting him in Morgan County for charges which resulted from the same drug sting operation. The trial court denied Smith's motion. Following trial, the Morgan County jury convicted Smith of three counts of dealing in cocaine, all class A felonies, dealing in marijuana, a class D felony, and dealing in marijuana, a class A misdemeanor.

## DISCUSSION AND DECISION

Smith contends his prosecution in Morgan County was barred by the doctrine of collateral estoppel due to his acquittal in Hendricks County on charges relating to the same drug sting operation. Specifically, Smith argues that the State was estopped from contending that he had not been entrapped while selling cocaine and marijuana in Morgan County because the Hendricks County jury had already determined that Smith was entrapped into selling drugs.

■ Generally, collateral estoppel operates to bar relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit. *Bonham v. State*, 644 N.E.2d 1223, 1226 (Ind.1994), *citing Sullivan v. American Cas. Co.*, 605 N.E.2d 134, 137–38. Collateral estoppel in criminal trials is an integral part of the protection against double jeopardy guaranteed by the Fifth and Fourteenth Amendments. *Townsend v. State*, 632 N.E.2d 727, 731 (Ind.1994). In determining whether the doctrine of collateral estoppel applies, the court is required to perform a two step analysis. First, the court must determine what issue or fact the first judgment decided. *Segovia v. State*, 666 N.E.2d 105, 107 (Ind.Ct.App.1996). Second, the court must examine how that determination bears on the second case. *Id.* In performing this analysis, the court is required to examine the record of the prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter to determine whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. *Id.* If the jury could have based its decision on another factor, then collateral estoppel does not bar relitigation. *Id.*

■ In his motion to dismiss the Morgan County charges, Smith presented evidence purporting to demonstrate that the Hendricks County jury had found that the police entrapped him during the entire series of drug transactions, and not just those transactions which occurred in Hendricks County. Specifically, Smith presented five pages of the transcript from the Hendricks County trial, including a page from his counsel's closing argument and four non-sequential pages from his testimony, which referred to the fact that Smith had admitted his possession and sale of drugs but contended as a defense that he had been entrapped. R. at 46–58. Additionally, in his motion to reconsider the trial court's denial of his motion to dismiss, Smith presented an affidavit from a member of the Hendricks County jury, in which the juror attested that the jury had found that Smith was entrapped while selling the drugs. R. at 256. Smith did not present to the trial court a full transcript of the trial, the pleadings or the charges filed against him in Hendricks County. As a result, our review is limited to a determination of whether, on the basis of this evidence, Smith proved that the Hendricks County jury necessarily determined that he had been entrapped in Morgan County.

Even if this court accepts that the Hendricks County jury determined that Smith was entrapped while selling drugs in Hendricks County, none of the evidence presented by Smith demonstrates that the jury necessarily determined that he was entrapped during the entire drug sting operation. References during the trial by Smith's attorney to the charges filed in Morgan County do not prove that the Hendricks County jury considered and relied upon the entire drug sting operation in acquitting Smith. Further, a

person's propensity to commit a crime can change over time. Thus, although Smith may have been entrapped during the drug sales in Hendricks County on September 24, 1986, he may not have been entrapped in Morgan County on September 2, 11, 19 and 29, 1986. *See U.S. v. Vaughn,* 80 F.3d 549, 551 (D.C.Cir.1996) (where jury heard only scant evidence of other drug transactions, its determination that defendant was entrapped in his sale of drugs in May and June was not necessarily a conclusion that he was entrapped in his April or August sales). Thus, collateral estoppel did not bar Smith's prosecution in Morgan County.

Judgment affirmed.

ROBERTSON and FRIEDLANDER, JJ., concur.