**Eddie GRIFFIN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A02–9609–CR–602.**

Court of Appeals of Indiana.

April 30, 1998.

Geoffrey A. Rivers, Muncie, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION ON REHEARING

KIRSCH, Judge.

In a published decision issued February 10, 1998, we held that principles of double jeopardy did not preclude Griffin's retrial for robbery and conspiracy to commit robbery following his earlier acquittal of felony mur-

der. *Griffin v. State*, 692 N.E.2d 468 (1998). We also declined to consider Griffin's collateral estoppel claim based upon our belief that Griffin did not present the issue to the trial court. Griffin seeks rehearing, claiming that he properly presented the collateral estoppel claim to the trial court and that our double jeopardy holding is erroneous. We grant rehearing to decide the merits of Griffin's collateral estoppel claim and deny rehearing on the double jeopardy issue.

■ Griffin claims that the State was collaterally estopped from retrying him for robbery and conspiracy to commit robbery following his acquittal of felony murder. Even though, as we have determined, the offenses are not the same for double jeopardy purposes, the State may still be collaterally estopped from prosecuting them. *See Segovia v. State*, 666 N.E.2d 105, 107 (Ind.Ct.App. 1996). This court has explained the collateral estoppel doctrine as follows:

> "Collateral estoppel is not the same as double jeopardy, but rather it is embodied within the protection against double jeopardy. The traditional bar of jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion, simply forbids the government from relitigating certain facts in order to establish the fact of the crime. In order to apply the doctrine of collateral estoppel, the court must engage in a two step analysis: (1) determine what the first judgment decided; and (2) examine how that determination bears on the second case. Determining what the first judgment decided involves an examination of the record of the prior proceedings including the pleadings, evidence, charge and any other relevant matters. The court must then decide whether a reasonable jury could have based its verdict upon any factor other than the factor of which the defendant seeks to foreclose consideration. If the jury could have based its decision on another factor, then collateral estoppel does not bar relitigation."

*Id.* (citations and internal quotation marks omitted).

Griffin contends that his acquittal of felony murder necessarily includes a determination

that he "did not kill David Turner during the course of a robbery resulting in serious bodily injury to Mr. Turner, nor did he aid, induce or cause another person to do so." *Appellant's Brief* at 15. Griffin further contends that the State is "estopped from attempting to prove Eddie Griffin was involved in Mr. Turner's death or that he was involved in a robbery resulting in serious bodily injury." *Appellant's Brief* at 16. The State, on the other hand, contends that the first jury's acquittal of Griffin of felony murder means only that the jury failed to find that Turner died *during the commission* of the robbery. According to the State, the acquittal does not mean that Griffin did not participate in the robbery or conspiracy. We agree with the State.

The felony murder charge of which Griffin was acquitted alleged that he "did kill another human being, to wit: David S. Turner; while committing the crime of Robbery, by taking from the presence of David S. Turner approximately ten (10) pounds of marijuana." *Record* at 165. The Record from the first trial reflects that Griffin and his co-conspirators agreed that they would render Turner unconscious and then take his marijuana; his death was not a part of the conspiracy. When Turner arrived at the 13th Street house, Griffin and his co-conspirators struck Turner in the head, took his marijuana, struck him again, placed a plastic bag over his head, pushed the air out of the bag, and taped it around his neck. The coroner ruled that the cause of Turner's death was "undetermined homicidal violence," and was unable to provide any specific details due to the condition of Turner's body. *Record* at 2110.

The question, then, is whether a reasonable jury could have based its acquittal of Griffin of the felony murder upon any factor other than Griffin's participation in the robbery and conspiracy. We think it could. Because the cause of Turner's death was not known, it was reasonable for the jury to have concluded that the killing occurred after the robbery had been completed. Therefore, the felony murder acquittal could reasonably have been based upon Griffin's non-participation in the killing. A determination of Griffin's non-participation in the killing, how-

ever, does not preclude relitigation of his participation in the robbery or the conspiracy, issues the jury was unable to decide in the first trial. Griffin's retrial was not barred by principles of collateral estoppel.

We grant rehearing and affirm the trial court on the collateral estoppel claim. Griffin's petition for rehearing is in all other respects denied.

FRIEDLANDER, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with separate opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

Although I concur in the majority's discussion and holding with regard to the collateral estoppel issue, I dissent from the denial of rehearing upon the double jeopardy issue.

For the reasons stated in my earlier dissenting opinion upon the merits, I would grant rehearing for the purpose of vacating the conviction for robbery.