Christopher G. JENNINGS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 87A05–9805–CR–267.

Court of Appeals of Indiana.

July 28, 1999.

Transfer Denied Sept. 27, 1999.

John Burley Scales, Boonville, Indiana, Frank R. Hahn, Newburgh, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Defendant–Appellant Christopher G. Jennings (Jennings) appeals his convictions of possession of a schedule II controlled substance, a Class D felony, Ind.Code § 35–48–4–2, and possession of marijuana, a Class A misdemeanor, Ind.Code § 35–48–4–11.

We reverse and remand.

### ISSUE

Jennings presents four issues for our review, one of which is dispositive: whether the trial court erred in denying his motion to suppress evidence based upon collateral estoppel.

## FACTS AND PROCEDURAL HISTORY[1]

On May 16, 1995, Jennings was driving his car with two passengers, Tina Lehr (Lehr) and Chad Pryor (Pryor), when they were stopped by a police officer. Jennings exited the car and provided identification to the officer. Upon observing a small knife in the car, the officer requested the two passengers to exit the vehicle in order to investigate for further weapons. Lehr exited the vehicle with her purse, which the officer asked her to open. As she complied with this request, she removed a plastic bag from her purse and hid it behind her back. The officer observed Lehr do this and questioned her about the package. Lehr stated that the package belonged to Jennings. At trial, evidence was introduced indicating the substance contained in the package was methamphetamine. At some point, the officer asked for and received permission from Jennings to search his car. However, the car was towed to the police department before it was searched without a warrant. During this first search, the officers found marijuana in the back seat. A drug dog was also used in the search, and, based upon the dog's indications, the officers believed there were drugs in the dashboard. At that time the search was discontinued, and a warrant was obtained in order to disassemble the dashboard and inspect for further drugs. This second search resulted in the seizure of a partially burned, hand-rolled cigarette and three bags of methamphetamine.

Jennings was charged in the Warrick Circuit Court with dealing in a schedule II controlled substance and possession of marijuana. Jennings filed a motion to suppress the evidence seized from Lehr and his vehicle that the trial court denied. He was convicted of possession of a schedule II controlled substance and possession of marijuana. This appeal ensued.

1. Oral argument was held in this case on May 25, 1999, at Indianapolis, Indiana.

2. Collateral estoppel has been referred to as "offensive" or "defensive" depending on the manner in which a party asserts the former judgment. The term "offensive" collateral estoppel has been used to describe the situation where the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously

## DISCUSSION AND DECISION

■ Jennings contends that the trial court erred in denying his motion to suppress evidence based upon collateral estoppel. Specifically, Jennings argues that the State was estopped from contending the searches were proper, and from using the seized evidence, because the Warrick Superior Court I had previously determined that the searches were improper and the evidence seized was "fruit of the poisonous tree."

■ A trial court's decision regarding the use of collateral estoppel will be reversed only for an abuse of discretion. *Wilcox v. State*, 664 N.E.2d 379, 381 (Ind.Ct.App.1996). Generally, collateral estoppel, also known as "issue preclusion," operates to bar relitigation of an issue or fact where the issue or fact was adjudicated in a former suit and the same issue or fact is presented in a subsequent suit. *Smith v. State*, 670 N.E.2d 360, 362 (Ind.Ct.App.1996). In the defensive use of collateral estoppel, Indiana no longer requires that the person taking advantage of the prior adjudication would have also been bound had the prior judgment been decided differently ("mutuality of estoppel") or that the party to be bound by the prior adjudication be the same as or in privity with the party in the prior action ("identity of parties").[2] *Wilcox*, 664 N.E.2d at 381. However, collateral estoppel does require a final judgment on the merits in a court of competent jurisdiction. *Id.* The principal consideration with the defensive use of collateral estoppel is whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would otherwise be unfair under the circumstances to permit the use of collateral estoppel. *Id.*

litigated unsuccessfully in an action with another party. The term "defensive" collateral estoppel describes an instance where a defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost. We note that although both are forms of collateral estoppel, they have received different treatment by the courts. *See Tofany v. NBS Imaging Systems, Inc.*, 616 N.E.2d 1034, 1037 (Ind.1993).

In determining whether collateral estoppel applies in a particular case, the court engages in a two-step analysis. First, the court must determine what issue or fact was decided by the first judgment. *Smith,* 670 N.E.2d at 362. Second, the court must examine how that determination bears on the subsequent action. *Id.* In performing this analysis, the court examines the record of the prior proceeding, including the pleadings, evidence, charges, and other relevant matter to determine whether the fact-finder could have based its decision upon an issue or fact other than that which the defendant seeks to foreclose from consideration. *Id.* If the fact-finder could have based its decision on another factor, then collateral estoppel does not bar relitigation. *Id.*

The State filed charges against Pryor in Warrick Superior Court I and against Jennings in Warrick Circuit Court. Pryor filed a motion to suppress the evidence based upon the warrantless search of Lehr's purse and the resulting searches of Jennings' automobile. Warrick Superior Court I found the search of Lehr's purse to be an improper warrantless search which exceeded any necessary safety search for weapons and ordered that any evidence seized as a result of that search would be suppressed at trial. Warrick Superior Court I further found that the searches of Jennings' automobile were improper because they were based upon the evidence seized as a result of the improper search of Lehr's purse. Warrick Superior Court I therefore concluded that any evidence seized in the searches of Jennings' automobile was fruit of the poisonous tree and would also be suppressed at Pryor's trial.

Jennings, too, filed a motion to suppress in his pending case in Warrick Circuit Court. During the hearing on his motion to suppress, Jennings argued that because the Warrick Superior Court I had previously determined in Pryor's case that the search of Lehr's purse was an improper, warrantless search which led to subsequent improper searches and seizure of further evidence, the State was estopped from relying upon those same searches and using the seized evidence against Jennings in his case in Warrick Cir-

cuit Court. In support of his motion, Jennings presented a certified copy of the chronological case summary from Pryor's case in Warrick Superior Court I, which includes the judge's ruling on Pryor's motion to suppress. In addition, the State stipulated at Jennings' hearing that it had a full and fair opportunity in Pryor's case to litigate the issues regarding the searches and that the searches discussed in Pryor's case are the same searches being discussed in Jennings' case. The trial court denied Jennings' motion.

First, we must determine what issue was decided by the granting of Pryor's motion to suppress in Warrick Superior Court I. Jennings does not present us with a transcript of the suppression hearing in Pryor's case, the pleadings filed therein, or the charges filed against Pryor. Therefore, our review is limited to the evidence presented in the instant case.

The chronological case summary reveals that on December 11, 1995, Pryor filed his motion to suppress and a hearing was held on January 19, 1996. On April 1, 1996, the court ruled that although the officer was justified in his initial investigatory stop of Jennings' vehicle and his pat-down search of Lehr, the officer's warrantless search of Lehr's purse exceeded what was necessary in order to determine whether Lehr was in possession of any weapons. The court further ordered that all of the evidence seized in the vehicle searches was "fruit of the poisonous tree," with the warrantless search of Lehr's purse representing the poisonous tree. Therefore, the court ordered all of the evidence suppressed. Thus, the Warrick Superior Court I determined that all of the searches beyond the initial pat-down search of the three vehicle occupants were improper and any evidence seized as a result should be suppressed. This is the same issue that confronted the Warrick Circuit Court. At both hearings, the critical issue for determination was the propriety of the search of Lehr's purse.

We now turn to our second inquiry regarding the effect of the decision of Warrick Superior Court I on Jennings' case in Warrick Circuit Court. Here, we are faced with a motion to suppress the precise evidence

that was suppressed by Warrick Superior Court I for the same reason (i.e., illegal search) that the Superior Court suppressed the evidence in Pryor's case. At hearing, the State argued that because the defendants in each case were different, the State could not declare that the events leading up to the search were the same in both cases. Additionally, on appeal, the State asserts that Jennings is in a much different posture than Pryor with regard to the search of Lehr's purse. The State argues that because Jennings was the owner/driver of the car and the person whom Lehr indicated was the owner of the methamphetamine, Jennings is more culpable and therefore not entitled to the same considerations with regard to the court's ruling on his motion to suppress. We disagree.

Unless the officer changed his testimony from the time he testified at Pryor's hearing to the time he testified at Jennings' hearing, the search and the events leading to the search in Pryor's case are the same as those in Jennings' case. We are concerned with the search itself and not necessarily any events occurring prior to the search. Moreover, at the hearing on Jennings' motion to suppress, the State stipulated that the search involved in Pryor's case is the same search that is involved in Jennings' case. Furthermore, at Jennings' hearing, the State neither produced new evidence to support the validity of the search nor sought to appeal the adverse ruling it received in Pryor's case.

As to the legality of the search of Lehr's purse, Pryor and Jennings occupy identical positions. Neither Pryor nor Jennings challenge a search of their person or property.[3] Rather, they both challenge the search of the property of a third person (Lehr) and the subsequent searches of Jennings' automobile. Contrary to the State's assertion, the events that occurred following the search of Lehr's purse (i.e., Lehr's implication of Jennings as the owner of the methamphetamine) have no

bearing on the legality of the search itself as it applies to Pryor or to Jennings. Thus, the determination of Warrick Superior Court I directly bears upon Jennings' case.

 Finally, collateral estoppel requires a final judgment. *Wilcox*, 664 N.E.2d at 381. Generally, a ruling on a motion to suppress is not a final judgment. *Cooper v. State*, 171 Ind.App. 350, 357 N.E.2d 260, 263 (1976). However, in this instance we conclude that the determination of the Warrick Superior Court I is an appealable order. In Pryor's case, the suppression order precluded the State from using items of evidence that were vital to its case. The ultimate effect of the order was to preclude further prosecution of Pryor. In fact, the trial court recognizes this consequence in its chronological case summary entry of July 19, 1996, when it states: "On motion of the State, *in light of the Court's ruling on the Motion to Suppress,* this cause is dismissed." (R. 146) (emphasis added). Therefore, we deem the suppression order of Warrick Superior Court I to be tantamount to a dismissal of the case against Pryor and is thus considered to be a final, appealable judgment. *See State v. Williams*, 445 N.E.2d 582 (Ind.Ct.App.1983) (concluding that suppression order which precluded State from proving allegations in charging information was tantamount to dismissal and therefore appealable).

In addition, at the hearing on Jennings' motion to suppress, the State stipulated that it had a full and fair opportunity to litigate the issues raised in Pryor's motion to suppress. Thus, we believe it would be fundamentally unfair to allow the State to file criminal charges against numerous co-defendants in different courts of the county in the hopes of receiving a favorable determination in at least one of the actions without being hampered by an unfavorable determination on the same set of facts in another court.[4]

---

3. In its brief, the State argues that Jennings does not have standing to challenge the search of another person's property. We make no determination as to Jennings' standing to challenge the search of Lehr's purse or as to the validity of the search itself. We limit our decision solely to the determination of the application of the principle of collateral estoppel.

4. We note that the ruling of Warrick Superior Court I states: "The Court further notes that the driver, Christopher Jennings, and the other passenger, Tina Lehr, are not charged in this cause or in this Court, Warrick Superior Court No. 1, with any offenses from this incident, and since they may be charged in other trial courts in this county, it is the intention of this Court that its

Moreover, we are mindful that the administration of justice is better served by requiring consistency in outcome. In this manner, the use of collateral estoppel will promote judicial economy without unfairness to the litigant against whom the estoppel is invoked. We believe such is the case here.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court erred in denying Jennings' motion to suppress.

Reversed and remanded for entry of an order of suppression.

MATTINGLY, J., and SULLIVAN, J. concur.

ruling herein apply only to Chad M. Pryor this defendant in this case." (R. 145). However, a trial court cannot preclude the use of collateral estoppel by making a ruling and stating therein that the ruling does not apply elsewhere.