**STATE of Indiana, Appellant–Plaintiff,**

v.

**Corey BAILEY, Appellee–Defendant.**

**No. 02A03–9902–CR–49.**

Court of Appeals of Indiana.

Sept. 14, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

## OPINION

STATON, Judge

The State appeals the order of the trial court dismissing the charge of criminal recklessness against Corey Bailey. The State presents one issue for our review, which we restate as: whether the trial court erred by dismissing the charge based on the doctrine of collateral estoppel.

We reverse and remand.

Bailey was charged with criminal recklessness,[1] a class D felony, after he pointed a handgun into the air in a crowded parking lot and fired it several times. The State suspended Bailey's license to carry a handgun shortly after the incident, pending an administrative hearing. The hearing was held on January 23, 1998. The issue presented at that hearing was whether Bailey was a "proper person" to be licensed to carry a handgun, or more specifically, whether there was documented evidence giving rise to a reasonable belief that Bailey has a propensity for violence or emotionally unstable conduct. IND.CODE § 35–47–1–7(4) (Supp.1997). Following a hearing, the administrative law judge (ALJ) ruled that Bailey was a "proper person" to be licensed to carry a handgun under IC 35–47–1–7, and ordered that Bailey's license be reinstated. Following the ALJ's order, Bailey filed a motion to dismiss the criminal recklessness charge. The trial judge granted the motion; this appeal ensued.[2]

The State contends that the trial court erred by dismissing the charge based on the doctrine of collateral estoppel. Collateral estoppel operates to bar a subsequent relitigation of the same fact or issue that was necessarily adjudicated in a former suit. *Wilcox v. State*, 664 N.E.2d 379, 381 (Ind.Ct.App.1996). In order to apply the doctrine of collateral estoppel, the court must: (1) determine what the first judgment decided; and (2) examine how that determination bears on the second case. *Segovia v. State*, 666 N.E.2d 105, 107 (Ind.Ct.App.1996). Determining what the first judgment decided involves an examination of the record of the prior proceedings including the pleadings, evidence, charge and any other relevant matters. *Id.* The court must then decide whether a reasonable fact-finder could have based its decision upon any factor other than the factor of which the defendant seeks to foreclose consideration. If the fact-finder could have based its decision on another factor, then collateral estoppel does not bar relitigation. *Id.*

The trial court determined that the ALJ's judgment that Bailey was a proper person to have a handgun license inherently included a finding that Bailey's action in firing the handgun into the air was in self-defense, and therefore, reasonable. The trial court then determined that, because the ALJ found Bailey's actions were reasonable, those same actions could not be reckless. Thus, the trial court found that Bailey could not be found guilty of a reckless, knowing or intentional act, and that the criminal recklessness charge should be dismissed.

A review of the record in the administrative proceeding shows that the issue in dispute was whether Bailey was a

---

1. IND.CODE § 35–42–2–2 (Supp.1997). In order to convict a person of criminal recklessness, the State must prove that the person recklessly, knowingly or intentionally performed an act that created a substantial risk of bodily injury to another person.

2. We note that Bailey did not file an appellee's brief in this matter. A less stringent standard of review applies, and an appellant need only establish *prima facie* error to win a reversal when the appellee fails to file a brief. *Ferrell v. State*, 656 N.E.2d 839, 840 (Ind.Ct. App.1995).

proper person to have a handgun license. Although there was evidence presented regarding whether Bailey's action was in self-defense, the ultimate issue decided by the ALJ was whether documented evidence gave rise to a reasonable belief that Bailey has a propensity for violent or emotionally unstable behavior. That decision could have been based on the fact that Bailey had been involved in a single incident, and that this single incident did not give rise to the reasonable belief that Bailey has a propensity for violent or emotionally unstable conduct. The ALJ's decision did not necessarily, as the trial court found, inherently include the determination that Bailey's conduct was reasonable and not reckless. Thus, we hold that the trial court erred by dismissing the criminal recklessness charge against Bailey on the basis of collateral estoppel. We reverse and remand for a trial on that charge.

Reversed and remanded.

NAJAM, J., and RUCKER, J., concur.